**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**AARON COLLINS and PRISCILLA
COLLINS**                                                 **PLAINTIFFS**

**vs.**                                        **CIVIL ACTION No. 3:06cv32HTW-JCS**

**FORD MOTOR COMPANY and NICHOLS
FORD LINCOLN MERCURY, INC.**                           **DEFENDANTS**

**ORDER DENYING REMAND**

The following motions are before the court: the motion of the plaintiffs for remand **[docket no. 4]**, filed pursuant to Title 28 U.S.C. § 1447(c);[1] and the subsequent motion of defendant Nichols Ford, Lincoln, Mercury, Inc. (hereinafter "Nichols") to dismiss **[docket no. 6]**, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] The plaintiffs, Aaron and Priscilla Collins, who are both citizens of the State of Mississippi, originally filed the above-styled and numbered civil lawsuit in the Circuit Court of Holmes County, Mississippi. The defendants, Ford Motor Company (hereinafter "Ford"), a Michigan corporation, and Nichols, a Mississippi corporation, timely removed this case to this

---

[1] Title 28 U.S.C. 1447( c) requires that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ."

[2] Federal Rule of Civil Procedure 12(b)(6) states, "[T]he following defenses may at the option of the pleader be made by motion . . . failure to state a claim upon which relief can be granted."

federal forum under the purported authority of Title 28 U.S.C. §§ 1441 and 1446,[3] asserting that this court has diversity of citizenship jurisdiction.[4]

Having reviewed the submissions of the parties and the state court complaint, this court finds that the defendants' removal of this civil action to this federal forum was proper. Specifically, this court finds that this court has diversity jurisdiction because defendant Nichols was improperly joined herein.

## **RELEVANT FACTS**

Invoking the Mississippi Uniform Commercial Code, plaintiffs filed their civil complaint in the Circuit Court of Holmes County, Mississippi, alleging that the defendants had breached an implied warranty of merchantability. In their complaint, plaintiffs state that on September 4, 2004, Wanda Collins was driving a 1999 Ford Ranger she had purchased from Nichols in a used condition. At approximately 9:00 a.m. on the aforementioned date, Wanda Collins drove through standing water, causing her vehicle to

---

[3]Title 28 U.S.C. 1441(a) states in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

Title 28 U.S.C. 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

[4]Title 28 U.S.C. § 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; ..."

hydroplane and veer off the road. The vehicle then slid backwards down an embankment and struck a concrete culvert. Although she was wearing a seatbelt, Wanda Collins was violently thrown backwards through the rear glass window of the vehicle. She subsequently died from injuries sustained in the accident.

Plaintiffs claim that the 1999 Ford Ranger was "defective and unreasonably dangerous [in] design and/or manufacture" of the rear window system, seatback, and occupant restraint system.

## **IMPROPER JOINDER STANDARD**

As courts of limited jurisdiction,[5] federal courts are obligated to ascertain subject-matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of a lawsuit. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating this court's subject-matter jurisdiction and that removal was proper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981); *see also* 14C

---

[5]This limited jurisdiction extends only as far as the United States Constitution and federal statutes allow. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Article III, Section 2 of the United States Constitution provides in pertinent part that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

After a federal court has resolved all disputes of fact and controlling state law in favor of the non-removing party, the court must determine whether the non-removing party has any possibility of recovery against the party whose joinder is questioned. *Travis*, 326 F.3d at 644. If *any possibility of recovery* against party whose joinder is questioned exists, the court is bound to remand this action to state court pursuant to §1447(c).[6] *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir. 1993). The removal jurisdiction of the courts is determined by examining the record as it stood at the time the notice of removal was filed without consideration of subsequent pleadings. *FSLOC v. Griffin*, 935 F.2d 691, 695-96 (5th Cir. 1991). In reviewing allegations of fraudulent joinder, the court may pierce the pleadings to determine whether, under Mississippi law, a plaintiff has a valid claim against a non-diverse defendant. *See LeJeaune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

---

[6]Again, as stated, *supra*, Title 28 U.S.C. § 1447(c) states, in pertinent part, the following: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## **ANALYSIS**

The operative clauses of § 1332 require the satisfaction of two prongs: diversity of party citizenship and the requisite amount in controversy. Although the damage section of the plaintiffs' complaint does not state a specific amount of damages sought, the court is persuaded that, given the nature of the claims asserted in plaintiffs' complaint, the amount in controversy requirement of § 1332 is satisfied in this matter. *See Montgomery v. First Family Financial Services, Inc.*, 239 F.Supp.2d 600, 605 (S.D. Miss. 2002) (noting that federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction).

Inasmuch as Ford is a Michigan corporation and plaintiffs are citizens of the State of Mississippi, the parties agree that, but for the presence of the in-state defendant Nichols, this court would have subject matter jurisdiction under § 1332 over this civil action. The defendants contend that Nichols was improperly joined to eviscerate federal diversity jurisdiction over this matter. Thus, the question before the court presently is whether the in-state defendant is properly joined in this lawsuit.

The defendants argue that plaintiffs' claims against Nichols, as the seller of the 1999 Ford Ranger at issue herein, are barred by Mississippi Code Annotated § 11-1-63(h), which, in pertinent part, states:

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over the aspect of

>the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought . . . .

(West 2004).

Although it is readily apparent to the court, and the parties, that § 11-1-63(h) expressly immunizes Nichols from liability, plaintiffs, nevertheless, argue that § 11-1-63(h) is not applicable here because their claims against the defendants are not contemplated by Mississippi Code Annotated § 11-1-63(a).[7]

The court is not persuaded.  Section 11-1-63(a) applies in product liability cases where a seller is accused of placing a product into the stream of commerce that is "unreasonably dangerous to the user or consumer."  Miss. Code Ann. § 11-1-63(a)(ii). Plaintiffs explicitly allege in their complaint that the 1999 Ford Ranger at issue here was "defective and unreasonably dangerous [in] design and/or manufacture" of the rear window system, seatback, and the occupant restraint system – claims clearly contemplated by § 11-1-63(a)(ii).  Resultedly, the court determines that Nichols is entitled to § 11-1-63(h) immunity from suit and, concomitantly, finds that plaintiffs cannot state a cognizable claim against Nichols, the non-diverse defendant in this civil matter. Accordingly, this court hereby dismisses defendant Nichols from the above-styled and numbered civil action.  With Nichols now absent from this litigation, the remaining parties are diverse and this court has diversity jurisdiction over this matter.

## **CONCLUSION**

---

[7]Mississippi Code Annotated § 11-1-63(a) states, in pertinent part, that the seller "of the product shall not be liable if the claimant does not prove . . . that at the time the product left the control of the seller . . . the defective condition rendered the product unreasonably dangerous to the user or consumer . . . ."

6

The motion of the plaintiffs to remand this case to the Circuit Court for Holmes County, Mississippi [**Docket No. 4**] is not well-taken, and the same is denied.  The motion of defendant Nichols to dismiss [**Docket No. 6**] is granted.  The remaining parties are to contact the assigned Magistrate Judge within ten (10) days of the publication of this Order to obtain a Scheduling Order.

**SO ORDERED this the 26th day of September, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06cv32HTW-JCS
Order Denying Remand